THE COSMOPOLITAN BANK, appellant,

*v.*

PAULINE WENIGMANN et al., respondents.

[Submitted November Term, 1916.   Decided March 5th, 1917.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Stevens, who filed the following opinion:

"This is a creditor's bill. The facts are simple and undisputed. On September 15th, 1915, the complainant recovered judgment against Christine Wenigmann in the supreme court of New York for $4,039.26.   The complainant then brought suit thereon in New Jersey and recovered judgment against her in the supreme court of this state for $4,176.01.   The judgment debtor is the wife of Ernest Wenigmann, a contractor, who held substantially all the stock of the Wenigmann Construction Company.   This company owned land in the Bronx, and on July 11th, 1914, conveyed it Pauline Wenigmann, a daughter of Ernest and Christine On July 18th, 1914, Pauline exchanged the land thus conveyed for a farm in Hunterdon county, in this state.   The effort is to subject the farm in the hands of Pauline to the judgment against her mother, on the theory that the conveyance is fraudulent as against complainant, or on the alternative theory that Pauline holds the land in trust for her mother and that complainant can therefore fasten his claim upon it.

"It seems to me perfectly plain that complainant has not made out a case.   According to the evidence, the Wenigmann Construction Company owed Christine $35,000.   Mr. Wenigmann (not the corporation) had some understanding with his wife, as far as the evidence goes, vague in the extreme, that he would convey the Bronx property to her, but whether in satisfaction of the debt or not does not appear.   He did not do so.   He caused the company to convey to his daughter Pauline, in satisfaction, as he says, and, as Pauline says, of an agreement had with her and her

mother several years before, that if she would forego the college education that her brothers and sisters were receiving, stay home and assist in the house, they would recompense her and give her a fair compensation.

"Ernest Wenigmann, on cross-examination, testified as follows:

"Q. The Wenigmann Construction Company made the deed to Pauline?
"A. Yes, sir.
"Q. Because you and your wife requested it, did you not?
"A. No, we did that because we wanted to avoid the expense of drawing a double deed and double expense and double recording fees and taxes and so on. Therefore we drew it directly to Pauline so we would avoid that.
"O. Instead of doing it how?
"A. Instead of first drawing it to Mrs. Wenigmann and then Mrs. Wenigmann to her."

"Out of these answers the complainant has constructed the following theory: The conveyance to the wife was to be made in satisfaction, or part satisfaction, of the debt due to her. Thus vested with title, the wife was going, voluntarily, to transfer it to her daughter in fraud of her creditors. But the conveyance, made directly to the daughter, has the same legal effect as if it had been conveyed first to the wife and then to the daughter. Unfortunately for this theory the fundamental fact—ownership of the land by the wife, some legal or equitable estate in her—has not been shown. In the first place, the property did not belong to the husband, but to the corporation, and no agreement with the corporation, parol or written, is pretended. In the second place, no agreement, in writing, assuming his authority to bind the company, was made by the husband, its controlling stockholder, with his wife. As far as appears, there was not even a definite verbal understanding between them as to the terms upon which the conveyance should be made. What understanding there was, gave way to a different understanding, viz., that a conveyance should be made to the daughter in fulfillment of the promise that the husband had made to the daughter some years previous.

"How a fraudulent transfer by the mother to the daughter, or how a resulting trust in the daughter for the mother could be built upon such a foundation, I am at a loss to conceive. The

company's creditors, if there were any, might have objected to this method of disposing of the property, but how a creditor of Mrs. Wenigmann could, is not apparent. If the Wenigmann company had contracted in writing with Mrs. Wenigmann to cancel her indebtedness in consideration of a conveyance of the property, she would then have acquired an equitable interest in it which her creditors might have seized. But, as it did not so contract, she acquired no interest and for aught that appears still remains the company's creditor. The case is simply this: That Mr. Wenigmann, assuming to speak for the company, first told his wife that he would convey its property to her, and then changed his mind and caused it to convey to his daughter. All this may have been highly irregular, but, as I have said, complainant, not being the company's creditor, has no standing to complain. I think the bill should be dismissed."

*Mr. Maurice Steiner,* for the appellant.

*Mr. H. Burdett Herr,* for the respondents.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Stevens.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, TRENCHARD, BERGEN, MINTURN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER—10.

*For reversal*—None.